UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| LESLIE DEWAYNE ALLEN, | ) | |
|---|---|---|
| | ) | Case No. 1:24-cv-160 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| GARY P. TUNEY and ADRIANNE S. BROWN, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Plaintiff, a federal prisoner, filed a complaint under the doctrine announced in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Doc. 1) and (2) a motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons set forth below, the Court will **GRANT** Plaintiff's motion (*id.*) and **DISMISS** this action.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion (Doc. 2) and inmate account statement (Doc. 10) that he cannot pay the filing fee in a lump sum. Accordingly, this motion (Doc. 2) will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28

U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

### B. Plaintiff's Allegations

At his federal sentencing, Plaintiff was designated as a career criminal and given criminal history points inaccurately because the United States Probation Office "failed to keep accurate records of [Plaintiff's] criminal history." (Doc. 1, at 2.) The Government "stated that it had six prior convictions to use against [Plaintiff,] but the PSR only showed . . . four." (*Id.*) Plaintiff tried to contact the Probation Office to correct this alleged error, but "they continually keep denying [Plaintiff] and not answering." (*Id*. at 3.)

Aggrieved, Plaintiff filed this action against United States Probation Officers Gary P. Tuney and Adrianne S. Brown, seeking correction of his Presentence Investigation Report, the payment of various fees, and the award of monetary damages. (*Id*. at 4.)

### C. Analysis

#### 1. *Defendants Are Immune*

Plaintiff cannot maintain suit against Defendants, because they are entitled to quasi-judicial immunity from liability for actions taken in their role as probation officers. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (holding that "quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune"); *Loggins v. Franklin Cnty., Ohio*,

3
Case 1:24-cv-00160-TRM-CHS  Document 11  Filed 05/31/24  Page 3 of 5  PageID #: 13

218 F. App'x 466, 476 (6th Cir. 2007) (finding a probation officer is entitled to such quasi-judicial immunity when acting within the scope of her duties as a probation officer).  The preparation of a Presentence Investigation Report is an act "intrinsically associate[d] with a judicial proceeding." *Bush*, 38 F.3d at 847.  Therefore, Defendants will be **DISMISSED** from this action.

### 2. *Plaintiff's Suit Is Barred*

Additionally, Plaintiff cannot obtain damages related to his federal criminal sentence unless he can first prove that his conviction or sentence has been reversed or otherwise invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding a prisoner's civil-rights action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *see also Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1998) (extending *Heck* to *Bivens* actions).  Because Plaintiff seeks relief that attacks the lawfulness of his sentence without first demonstrating that sentence has been set aside or invalidated, his complaint fails to state a claim under *Heck*.  *See Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (affirming district court judgment that *Heck*-barred claim fails to state a claim and is frivolous).

## III. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Plaintiff's complaint is **DISMISSED** as frivolous, for failure to state a claim, and as against Defendants who are immune; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**